UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANE CARDENAS,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | NO. EDCV 10-256 AGR<br><br><br>**MEMORANDUM OPINION AND ORDER** |

Roxane Cardenas ("Cardenas") filed this action on February 25, 2010. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on March 10 and March 17, 2010. (Dkt. Nos. 8, 10.) On November 9, 2010, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

Having reviewed the entire file, the Court remands this matter to the Commissioner for proceedings consistent with this Opinion.

///

///

///

**I.**

## PROCEDURAL BACKGROUND

On August 15, 2006, Cardenas filed applications for disability insurance benefits and supplemental security income benefits alleging an onset date of June 17, 2001.[1] Administrative Record ("AR") 156-64. The applications were denied initially and upon reconsideration. AR 77-86. Cardenas requested a hearing before an Administrative Law Judge ("ALJ"). AR 87. On October 24, 2008, the ALJ continued the hearing to give Cardenas time to find representation. *See* AR 53-57. On November 25, 2008, a hearing was conducted at which Cardenas testified, however, the ALJ again continued the hearing to give Cardenas additional time to submit further medical evidence, and so that she could be evaluated by a consultative medical examiner. *See* AR 36-50. On April 13, 2009, the ALJ conducted a supplemental hearing at which Cardenas and a vocational expert ("VE") testified. AR 21-35. On July 23, 2009, the ALJ issued a decision denying benefits. AR 6-16. On January 7, 2010, the Appeals Council denied the request for review. AR 1-4. This action followed.

**II.**

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might

---

[1] Cardenas later amended her alleged onset disability date to February 23, 2006. Her prior applications for disability insurance benefits and supplemental security income benefits were denied on February 22, 2006. AR 53-54, 61-69.

2

accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523.  In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

## III.
## DISCUSSION

### A.  Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B.  The ALJ's Findings

The ALJ found Cardenas met the insured status requirements through December 31, 2007.  AR 11.  Cardenas had the following severe impairments: "status post motor vehicle accident in June 2001 with residual chronic right neck and shoulder pain; a second minor vehicle accident in December 2003 with neck and shoulder pain; degenerative disc disease of the cervical spine with right upper extremity radiculopathy; and degenerative disc disease of the lumbar spine."  *Id.*  Cardenas has the residual functional capacity ("RFC") to perform light work "except she can only sit for two hours then must take a break" for six hours in an eight hour period.  AR 12.  "She can stand and/or walk 6 out [of] 8 hours with normal breaks.  Postural limitations (i.e, climbing ramps/stairs, balancing, stooping, kneeling, crouching and crawling) can be done on an occasional basis.  [She] cannot climb ladders, ropes or scaffolds.  She can occasionally reach at or

3

above shoulder level with the right upper extremity and no forceful gripping or torquing with the right dominant hand." *Id.* Cardenas could perform her past relevant work as a cashier and as a child care assistant as generally performed. AR 15.

### C. Treating Physicians' Opinions

An opinion of a treating physician is given more weight than the opinion of non-treating physicians. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). To reject an uncontradicted opinion of a treating physician, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Orn,* 495 F.3d at 632 (citations and quotation marks omitted). "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart,* 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and quotation marks omitted).

Cardenas contends the ALJ improperly rejected her treating physicians' opinions. Cardenas specifically refers to eight "Authorization to Release Medical Information" forms from her treating physicians, Dr. Thakran and Dr. Basa, at Barstow Community Hospital. JS 3-6. The eight one-page release forms ranging in date from August 25, 2002 to July 16, 2009 generally reflect that Cardenas has a medically verifiable chronic condition, she is receiving treatment, and she is unable to work.[2] AR 246, 303, 305-309, 317. The ALJ gave "no weight" to these

---

[2] Cardenas argues the ALJ does not specifically mention three of the eight "Authorization to Release Medical Information" forms and, therefore, failed to consider her treating physicians' opinions. JS 6. The ALJ is not required to discuss every piece of evidence on record, as long as his decision is supported

4

findings for two reasons: (1) the findings were conclusory and not accompanied by any clinical or objective evidence, and (2) the forms were completed for county benefits and "not for the purpose of Social Security Disability benefits." AR 14.

An ALJ may properly consider the absence of any clinical findings, treatment notes or psychological tests. *Orn*, 495 F.3d at 631; 20 C.F.R. § 404.1527(d)(3). Drs. Thakran and Basa do not provide any treatment notes, clinical findings or test results to support their opinion that Cardenas is disabled and unable to work. "'[T]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (citation omitted); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Further, the few radiology tests submitted by the Barstow Community Hospital show no significant functional impairments to support Drs. Thakran and Basa's opinions. AR 256, 265, 267, 269, 271, 277, 281, 283. However, the ALJ did expressly consider and determine Cardenas' RFC based, in part, on the radiological findings. AR 14 ("I find a light residual functional capacity more appropriate than the medium residual functional capacity assessed by the consultative examine, (sic) given the radiological findings.").

The ALJ also discounted the treating physicians' opinions because the forms were not completed for social security purposes. AR 14. A treating physician's opinion as to the ultimate determination of disability is not binding on an ALJ. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011). The existence of disability "is an administrative determination of how an impairment, in relation to

---

by substantial evidence. *See Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Rather, the ALJ need only explain why "significant probative evidence has been rejected." *Vincent v. Heckler,* 739 F.2d 1393, 1395 (9th Cir. 1984) (citation and quotation marks omitted). The forms the ALJ does not specifically discuss essentially reflect the same findings as the forms he properly rejected. Any error was harmless.

5

education, age, technological, economic, and social factors, affects ability to engage in gainful activity" and is reserved to the Commissioner. *Id.*

The ALJ articulated specific and legitimate reasons for discounting the treating physicians' forms. The ALJ did not err.

### D. Development of the Record

Cardenas argues the ALJ failed to recontact her treating physicians to obtain further information regarding their findings on the "Authorization to Release Medical Information" forms discussed above. "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). The ALJ did not find that the record was insufficient or inadequate. As discussed above, the ALJ rejected the treating physicians' opinions as unsupported by clinical findings. AR 14. Moreover, the ALJ kept the record open for 30 days to allow Cardenas to submit additional medical evidence, scheduled a supplemental hearing, and ordered a consultative examination for Cardenas. AR 43-48; *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (ALJ satisfies duty to develop record by continuing the hearing or keeping the record open to allow supplementation); *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001) ("One of the means available to an ALJ to supplement an inadequate medical record is to order a consultative examination"). The ALJ did not err.

### E. Step Four of the Sequential Analysis

Cardenas contends the ALJ erred in finding that her RFC permits her to perform her past relevant work as a cashier and child care assistant as generally performed. JS 16-21.

"At step four of the sequential analysis, the claimant has the burden to prove that [s]he cannot perform his prior relevant work 'either as actually performed or as generally performed in the national economy.'" *Carmickle v.*

6

*Comm'r of Soc. Sec. Admin*, 533 F.3d 1155, 1166 (9th Cir. 2008) (citation omitted). "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). "This is done by looking at the 'residual functional capacity and the physical and mental demands' of the claimant's past relevant work." *Id.* at 844-45; *see also* 20 C.F.R. §§ 404.1520(e) & 416.920(e). When an ALJ relies on the DOT for a job description of a claimant's past relevant work, the ALJ must "definitively explain" any deviation between the Dictionary of Occupational Titles ("DOT") and the claimant's noted limitations. *Pinto*, 249 F.3d at 847.

The ALJ limited Cardenas to, among other things, **occasional** stooping and **occasional** reaching above shoulder level with the right upper extremity.[3] AR 12 (emphasis added). The VE testified that Cardenas could perform her past relevant work as a cashier which, according to the DOT, requires reaching on a **constant** basis (from two-thirds or more of the time). AR 34 (emphasis added); DOT 211.462-014. The VE also testified that she could perform her past relevant work as a child care assistant which, according to the DOT, requires reaching and stooping on a **frequent** basis (from one-third to two-thirds of the time). DOT 359.677-018 (emphasis added). There appears to be a conflict between the ALJ's RFC determination and the DOT requirements for these two jobs.

The DOT raises a rebuttable presumption as to job classification. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). When there is a conflict between the VE's testimony and the DOT, the ALJ is required to ask the VE whether his/her testimony conflicts with the DOT and, if so, whether there is a reasonable

---

[3] Cardenas also argues the ALJ's RFC precluding forceful gripping and torquing with the right hand conflicts with the job requirements of cashier and child care assistant. JS-16. Both jobs require exerting up to 20 pounds of force occasionally, 10 pounds of force frequently and/or a negligible amount of force constantly to move objects. DOT 211.462-014 and 359.677-018. There is no indication that either job requires "forceful gripping and torquing." *Id.*

7

explanation for any conflict. *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1234 (9th Cir. 2009); SSR 00-4p. SSR 00-4p requires the ALJ to "determine whether the [VE's] explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT]." *Massachi*, 486 F.3d at 1153. In evaluating the VE's explanation for the conflict, "an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson*, 60 F.3d at 1435. The ALJ's explanation is satisfactory if the ALJ's factual findings support a deviation from the DOT and "persuasive testimony of available job categories" matches "the specific requirements of a designated occupation with the specific abilities and limitations of the claimant." *Id.* at 1435. Remand may not be necessary if the procedural error is harmless, *i.e.*, when there is no conflict or if the VE had provided sufficient support for her conclusion so as to justify any potential conflicts. *Massachi*, 486 F.3d at 1154 n.19.

The ALJ found, and the VE represented, that "the [VE's] testimony is consistent with the information contained in the [DOT]." AR 15. The VE did not explain the basis for her conclusion so as to justify any apparent inconsistency between her testimony, the RFC determination and the DOT. AR 34. Accordingly, remand is warranted at step four of the sequential analysis. *Massachi*, 486 F.3d at 1154.

### F. Credibility

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting

*Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).  The ALJ found Cardenas' medically determinable impairments could reasonably be expected to cause her symptoms.  AR 13.

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (citations omitted).  "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted).  "[T]o discredit a claimant's testimony when a medical impairment has been established, the ALJ must provide specific, cogent reasons for the disbelief."  *Orn*, 495 F.3d at 635 (citations and quotation marks omitted).  "The ALJ must cite the reasons why the claimant's testimony is unpersuasive."  *Id.* (citation and quotation marks omitted).  The ALJ may consider (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment.  *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

The ALJ made no finding of malingering.  *See* AR 12-13.  The ALJ found that Cardenas' statements "concerning the intensity, persistence and limiting effects of [her] symptoms are not credible."  AR 13.  The ALJ relied upon Cardenas' failure to seek treatment commensurate with her alleged pain (or conservative treatment).  *Id.*

"[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment."  *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (citation omitted).  An unexplained or inadequately explained failure to seek treatment is also a valid consideration in determining credibility.  *See Orn*, 495 F.3d at 636.  The ALJ noted Cardenas' "limited activities of daily

9

living and the degree of pain alleged are difficult to attribute to her medical condition in light of the relatively sparse medical evidence." AR 13. Specifically, the ALJ noted that since the alleged onset date, Cardenas had only one doctor's visit on August 14, 2006. AR 13, 293. Prior to that date, it appears there was a 16-month period during which Cardenas sought no treatment. *See* AR 293-95. The ALJ also noted Cardenas had not participated in "any type of treatment consistent with a chronic pain syndrome such as physical therapy, treatment at a pain clinic, or therapeutic treatment." AR 13. Indeed, Cardenas reported that since 2001 she has had treatment for her neck and lower back pain with physical therapy and over the counter medications, but not with epidural injections or surgical intervention. AR 312; *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (describing physical therapy and anti-inflammatory medication as conservative treatment).

The ALJ's credibility finding is supported by substantial evidence. "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas*, 278 F.3d at 959 (citing *Morgan v. comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999)).

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is remanded for proceedings at step four and, if appropriate, step five of the sequential analysis consistent with this Opinion.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: August 3, 2011

ALICIA G. ROSENBERG
United States Magistrate Judge